UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MANUEL PLAISANCE (#196480)**                                           **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                               **NO. 10-0602-RET-CN**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, March 29, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MANUEL PLAISANCE (#196480)**                                   CIVIL ACTION

**VERSUS**

**JAMES LeBLANC, ET AL.**                                         NO. 10-0602-RET-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 9. This motion is not opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, Warden Darryl Vannoy, Ass't Warden Chad Menzina, Ass't Warden Joe Lamartiniere and Warden Calvert, complaining that his constitutional rights were violated on August 12, 2009, when he was allegedly exposed to contagious diseases. Specifically, he complains that he was shaved on that date with a shaver that had been utilized to shave co-inmates who were allegedly infected with Hepatitis and HIV. When the plaintiff complained the next day of cuts on his face and neck, an unidentified medical technician failed to order the antibiotic ointment which the plaintiff requested.[1]

---

[1] An attempt by the United States Marshal's Office to serve defendant Warden Calvert has proven unsuccessful because service of process has not been accepted on behalf of this defendant by the Louisiana Department of Public Safety and Corrections. Specifically, a representative of the Department has represented that defendant Calvert is no longer employed by the Department, see rec.doc.no. 6. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendant Warden Calvert be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra.  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra.  See also Bell Atl. Corp. v. Twombly, supra.  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

The defendants initially seek dismissal of the plaintiff's claim for monetary damages asserted against them in their official capacities. Although the plaintiff's Complaint is unclear as to whether he has named the defendants in their individual and/or their official capacities, this Court, in light of the liberality accorded to the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), interprets the plaintiff's allegations as asserting a claim against the defendants in both capacities.  Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a State or its officials acting in their official capacities, which officials are not seen to be "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim for monetary damages under § 1983 against the defendants in their official capacities, and the defendants' motion should be

granted in this regard.[2]

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the defendants next assert the defense of qualified immunity. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful

---

[2] In contrast, a suit against a state official in his individual or personal capacity, seeking to impose individual liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit. Id. Further, a state official in his or her official capacity, when sued for injunctive relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). See also 15 Am.Jur.2d Civil Rights § 101.

in the situation which he confronted.  Id.

Undertaking the Saucier analysis, the Court concludes that the defendants' motion is well-taken, and that they are entitled to qualified immunity in connection with the plaintiff's claims asserted against them.

Initially, with regard to the plaintiff's claim that an unidentified person, presumably an inmate-barber, improperly shaved his face on August 12, 2009, thereby potentially exposing the plaintiff to infectious disease, and that an unidentified health care worker at LSP failed or refused to provide the plaintiff with antibiotic cream the next day, the plaintiff has failed to allege that any of the defendants had any direct or personal participation in the incidents complained of.  In this regard, pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983).  Any allegation that the defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  Lozano v. Smith, supra.

Applying this standard in connection with the plaintiff's claims,

the Court concludes that the defendants' motion is well-founded. Specifically, there is no suggestion in the plaintiff's allegations that any of the defendants were present on the plaintiff's cell tier when the plaintiff was allegedly subjected to an improper shave on August 12, 2009, or when he was allegedly denied appropriate medical attention on August 13, 2009. As the Secretary of the Louisiana Department of Public Safety and Corrections, and as the named Wardens and Assistant Wardens at LSP, respectively, it is clear that the defendants stand principally in a supervisory role in connection with the day-to-day operations of the prison. The plaintiff makes no allegation that any of these defendants was subjectively aware that the plaintiff faced a serious danger to his health or safety on the dates indicated or that they ignored such danger. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, inasmuch as the plaintiff has made no assertion whatever that any of these defendants had any direct or personal involvement in the events complained of, there is no basis for the imposition of liability against them in connection with the plaintiff's claims.

To the extent that the plaintiff's Complaint may also be interpreted as complaining regarding an alleged wrongful policy or practice at LSP of subjecting inmates to being shaved with equipment previously utilized in connection with inmates suffering with contagious diseases, the plaintiff provides no factual information regarding the existence or details of such policy.[3] The plaintiff does not allege, however, that

---

[3] The entirety of the plaintiff's factual statement relative to this claim is as follows: "On 8/12/09, plaintiff was exposed to lethal contagious diseases during shaving procedure while housed at Camp J. Inmate is forced to be shaved with same shaver used on HIV and Hepatitis positive inmates."

inmate barbers are not trained or instructed regarding proper safety procedures or that the shaving equipment is not in fact sanitized between uses. Nor has the plaintiff alleged that he has in fact contracted any infectious disease as a result of the practice complained of. In this regard, prison officials are required to take reasonable measures to guarantee the safety of inmates under their control, and they have a duty to protect inmates from injury at the hands of other prisoners. Farmer v. Brennan, supra. To establish a violation of this requirement, an inmate must allege facts establishing that he has been incarcerated under conditions posing a substantial risk of harm to his health or safety and that prison officials have been "deliberately indifferent" to this risk of harm. Id. To adequately allege deliberate indifference, the plaintiff must set forth facts showing that a defendant official knew of an excessive risk of harm to the inmate's health or safety, and yet disregarded that risk. Id. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Id. In the instant case, the plaintiff's assertion regarding the existence of an alleged wrongful policy is wholly conclusory and is not supported by any factual allegations. Nor has he alleged any facts suggesting that the defendants were personally aware of any danger faced by the plaintiff which the defendants ignored. On the record before the Court, therefore, there is no basis for the imposition of liability against the defendants. See, e.g., Austin v. Cole, 2006 WL 3772309 (N.D. Tex., Dec. 19, 2006) (dismissing as frivolous inmate's claim that he was subjected to a shave by an inmate barber who did not properly sanitize the blades); Small v. Cole, 2005 WL 2219269 (N.D. Tex., Sept. 7, 2005) (same). See also Hernandez v. Schriro, 2008

WL 1774132 (D. Ariz., April 15, 2008) (dismissing claim of un-sanitized shaving equipment as frivolous in the absence of an allegation that the defendants personally disregarded a known risk or harm to the plaintiff). Accordingly, the defendants' Motion to Dismiss should be granted, dismissing the plaintiff's claims asserted against them.

### **RECOMMENDATION**

It is recommended that the plaintiff's claims asserted against Warden Calvert be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the defendants' Motion to Dismiss, rec.doc.no. 9, be granted, dismissing the plaintiff's claims asserted against the remaining defendants, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, March 29, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**